UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN PAUL BORBEAU; TAQUERIA YVETTE, INC., a California Corporation,<br><br>    Defendants. | Case No. 2:14-cv-1730 JAM-EFB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

Plaintiff Scott Johnson ("Plaintiff") sued Defendants John Paul Bourbeau and Taqueria Yvette, Inc. ("Defendants"), alleging that two businesses, Taqueria Yvette and the Rusty Hook, did not comply with state and federal disability access laws. Compl., ECF No. 1. The parties settled the portion of the case relating to injunctive relief, Consent Decree, ECF No. 17, and the Court granted partial summary judgment on Plaintiff's first two claims arising under the Americans with Disabilities (ADA) and Unruh Civil Rights Act. Order, ECF No. 31. Plaintiff voluntarily dismissed

1

his third and fourth claims. Stipulation, ECF No. 33. Plaintiff now seeks attorney's fees under 42 U.S.C. § 12205 and Cal. Civ. Code § 52(a) on his first and second claims.[1] Mot. Fees, ECF No. 34.

I. OPINION

Plaintiff believes that the Court should award him "reasonable attorney fees" and litigation expenses in the amount of $16,365.98. Mot. Fee at 1. Defendants' counsel filed a statement of non-opposition, ECF No. 37, after being unable to contact his clients. He objects only to the rate at which Plaintiff's counsel billed their time. Id.

When determining the reasonableness of an attorney's fee request, the Court engages in a two-step process. First, the Court determines the amount of a reasonable fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This total, the "lodestar" amount, yields a presumptively reasonable fee. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013).

Second, the Court decides whether to adjust the lodestar figure upward or downward pursuant to a variety of factors. Id. at 1209. Those factors include: (1) time and labor required; (2) novelty and difficulty of questions involved; (3) skill requisite to perform legal service properly; (4) preclusion of other employment by attorney due to acceptance of the case;

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 5, 2017.

2

(5) customary fee; (6) time limitations imposed by client or circumstances; (7) amount involved and results obtained; (8) experience, reputation, and ability of attorneys; (9) nature and length of professional relationship with client; and (10) awards in similar cases. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Resurrection Bay Conservation Alliance v. City of Seward, 640 F.3d 1087, 1095, n.5 (9th Cir. 2011) (noting that two former factors—the fixed or continent nature of a fee and the desirability of a case—are no longer relevant).

"The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011). Thus, the Court may consider its "overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Id.

A. Hours Reasonably Expended

Plaintiff submits a "Billing Summary" and "Billing Statements," itemizing the time spent by seven attorneys—Mark Potter, Phyl Grace, Dennis Price, Chris Carson, Isabel Masanque, Amanda Lockhart, and Teresa Allen—on this case. Pl.'s Ex. 2, ECF No. 34-4. Plaintiff also attached six Central District of California orders granting fees to these attorneys. Pl.'s Exs. 3-7, ECF Nos. 34-5-34-9.

Not all of the hours billed by Plaintiff's counsel are reasonable. Ten hours of Potter's billing statement includes "estimates" for drafting the attorney fee motion (two hours) and traveling to attend this motion's oral argument, which did not take place (eight hours). Pl.'s Ex. 2 at 3. The Court does not find

that billing for activities that did not transpire is reasonable. The eight hours billed for the cancelled attorney fee hearing will be omitted from the fee award. See, e.g., Johnson v. Yates, No. 2:14-cv-1189-TLN-EFB, 2017 WL 3438737, at *2 (E.D. Cal. Aug. 10, 2017) (striking hours billed for a hearing that was not held).

Additionally, as in other cases in which Potter represented Plaintiff, the Court will reduce Potter's 2.2 hours of public records research by half to 1.1 hours. Yates, 2017 WL 3438737, at *2 (reducing 2.2 hours of public records research by half because of its clerical nature); Johnson v. Xinliang Bai, No. 2:16-cv-1698-WBS-GGH, 2017 WL 3334006, at *2 (E.D. Cal. Aug. 4, 2017) (same); Johnson v. Guedoir, No. 2:14-cv-00930-TLN-AC, 2017 WL 3172994, at *3 (E.D. Cal. July 26, 2017) (same).

Furthermore, Plaintiff has not explained why it was necessary for seven lawyers to work on this routine, non-complex ADA case. While the Ninth Circuit has found a litigation team involving multiple counsel is justified in "important class action litigation," Probe v. State Teachers' Ret. Sys., 780 F.2d 776, 785 (9th Cir. 1986), the use of seven attorneys on the present case constitutes overstaffing. See id. ("Hours that are excessive, redundant, or otherwise unnecessary are to be excluded when calculating a reasonable attorneys' fee.").

In total, the Court reduces Potter's billing statement by 9.1 hours. The Court also cuts hours attributable to unnecessary overstaffing and omits the hours billed by Price, Carson, Lockhart, and Allen.

///

///

4

B.  <u>Reasonable Hourly Rate</u>

In his motion, Plaintiff requests his attorneys' time be compensated at the following rates: $350 per hour (Potter); $250 per hour (Grace); and $200 per hour (Price, Carson, Masanque, Lockhart, Allen). Pl.'s Ex. 2 at 2-11.

Although Potter has served as the attorney for Plaintiff in more than 500 ADA cases in the Eastern District of California, for reasons beyond the Court's comprehension, he has failed to attach a single relevant order on attorney fees from within this district. Intra-district decisions have found that $300 per hour is a reasonable rate for Potter. <u>Johnson v. Bach Thuoc Vu</u>, No. 2:14-cv-02786-JAM-EFB, 2017 WL 2813210, at *3 (E.D. Cal. June 29, 2017). Similarly, this district's decisions have found that $250 per hour is an appropriate rate for Grace. <u>Id.</u> Finally, decisions provide that $150 per hour is a reasonable rate for junior associates in disability access cases in the Sacramento legal community. <u>Id.</u> Plaintiff has not presented the Court with any reason to depart from the rates awarded in other similar cases.

Accordingly, the Court calculates the lodestar with reasonable hourly rates as: Potter at $300, Grace at $250, and Masanque at $150. The Lodestar in this case is as follows.

| **Attorney** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| Potter | 11.4 | $300.00 | $3,420.00 |
| Grace | 8.8 | $250.00 | $2,200.00 |
| Masanque | 11.6 | $150.00 | $1,740.00 |
| | | | $7,360.00 |

C.  <u>Costs</u>

The ADA authorizes an award of litigation expenses and costs to a prevailing party, including expert witness fees. <u>Lovell v.

Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002). A prevailing party may recover out-of-pocket expenses counsel normally charge fee-paying clients. Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005). The requested costs must be reasonable in amount. Harris v. Marhoefer, 24 F.3d 16, 20 (9th Cir. 1994).

Here, Plaintiff seeks $3,450.98 in combined costs for investigation ($400), filing fee ($400), service costs ($40), and an expert to verify the claims that the property had been fully remediated ($2,610.98). Mot. Fees at 14. Although Defendants have not submitted objections to these costs, other decisions in this district have not found this lack of objection relieves Plaintiff of providing supporting documentation for requested costs. See Yates, 2017 WL 3438737, at *3 (denying investigation and expert costs were no bills were provided).

Plaintiff did not attach receipts or bills verifying that the amounts billed by his investigator and expert were reasonable and necessary. See, e.g., Guedoir, 2017 WL 3172994, at *7 (granting $1,540.50 in costs for the expert site inspection where a receipt was submitted for 7.9 hours at $195 per hour). Potter provided a declaration that he paid his investigator $400 to conduct this case's investigation and did not receive a formal invoice. Potter Dec., ECF No. 34-3, p. 2. Potter's declaration does not explain why no billing statement was submitted for his expert's verification of property remediation. As the Court has no basis upon which to judge whether these costs were reasonably incurred, the "Court will not award such an amount arbitrarily." Yates, 2017 WL 3438737, at *3.

///

The Court grants Plaintiff $440.00 in costs for the filing fee and service cost.

                                    II.

                              III.   ORDER

     For the reasons set forth above, the Court GRANTS Plaintiff's motion for attorneys' fees and costs.  The Court awards Plaintiff $7,360.00 in attorney's fees and $440.00 in costs, for a total of $7,800.00.

     IT IS SO ORDERED.

Dated: December 8, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE